UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE LA'MAR BLESSETT,<br><br>    Plaintiff,<br><br>    v.<br><br>A. FOUCH, et al.,<br><br>    Defendants. | No. 2:19-cv-1992 AC<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

Plaintiff presents three claims, all involving access to his personal and/or legal property, against four defendants: Assistant Warden A. Fouch, Lt. Barland, and Officer A. Moores, all of Sierra Conservation Center, and Correctional Counselor J. Quam of High Desert State Prison. ECF No. 1. The complaint alleges that "upon classification" plaintiff was told that his personal property would be transferred, but that he did not receive it and that his various inquiries and complaints were not addressed. He was denied access to both personal and legal property; some items which he apparently did receive were spoiled or moldy. At the time the complaint was filed, plaintiff had been separated from his property for 40 days or so, and had been unable to contact his family or attorney to tell them where he is. Plaintiff suffered great emotional distress. Plaintiff "feel[s] it's a racial bias." ECF No. 1 at 3-5. He claims violations of his rights to due process and access to the courts, and also provides numerous partial statutory citations that the court assumes are references to Title 15 of the California Code of Regulations. Id.

IV. Failure to State a Claim

The allegations of the complaint do not state any constitutional claim against any named defendant. First, the gravemen of the complaint is a deprivation of property, but plaintiff does not specify what property is at issue. This matters, especially as to the putative First Amendment claim discussed further below. Nor does the complaint provide the dates or locations of any

3

underlying events, or specify what specific acts the individual defendants took to violate plaintiff's rights. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Such factual allegations are necessary to state any claim for relief.

The unauthorized deprivation of property by a prison official, whether intentional or negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). "California Law provides an adequate post-deprivation remedy for any property deprivations." Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-95). Therefore, only an intentional and authorized deprivation of property may constitute an actionable § 1983 claim for violation of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985). Plaintiff has not alleged any intentional and authorized deprivation unaccompanied by the process constitutionally due.

To the extent that defendants have not complied with applicable state statutes or prison regulations regarding inmate property, or that the state's post-deprivation remedy has been ineffective, neither supports a claim under § 1983. Violations of state law do not support relief under the statute, which creates a cause of action for deprivation of rights secured by federal law. 42 U.S.C. § 1983. State law violations cannot be transformed into federal issues by merely invoking due process. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). Accordingly, plaintiff cannot maintain a § 1983 claim for violations of Title 15 or other California law.

The First Amendment guarantees inmates access to the courts, but that right is violated by interference from prison officials only when an inmate loses the opportunity to litigate a meritorious claim in a direct criminal appeal, habeas petition, or civil rights action. Lewis v. Casey, 518 U.S. 343, 346, 354 (1996); Christopher v. Harbury, 536 U.S. 403, 413-15 (2002). Plaintiff has not alleged that the temporary deprivation of his (unspecified) legal materials caused him to forfeit any such claim. Accordingly, he has neither established standing nor stated a claim for relief. See Lewis, 518 U.S. at 351-52; Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir. 1994).

Finally, plaintiff alleges that he "feels" racial bias was involved in the problems with his

4

property, but he presents no facts demonstrating that racial animus motivated the actions of any defendant. To state a claim for the denial of equal protection, "plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class." Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013) (citation and internal quotation marks omitted). Plaintiff's suspicion of a race-based purpose is not sufficient to state a claim for relief; he must allege facts that show intent to discriminate.

For all these reasons, the complaint does not state a claim for relief and will not be served. Plaintiff will be provided the opportunity to amend the complaint.

V. Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You are being given leave to amend because the facts you have alleged in the complaint are not enough to state a claim for relief. You didn't explain what property went missing or what the circumstances were. The loss of an inmate's property usually doesn't violate the Constitution because state law gives you ways to be compensated, and that's enough to satisfy due process. If prison officials interfered with your legal property, you could have a First Amendment access to courts claim *if* you lost the opportunity to bring a claim in your criminal appeal, habeas petition, or a civil rights lawsuit that had a good chance of winning. To bring a claim for racial discrimination, you need to state facts showing that whoever was responsible for keeping your property from you did it on purpose for racial reasons. Violations of Title 15, other state laws, and CDCR regulations about inmate property cannot be the basis for a section 1983 claim. Finally, to state any kind of claim, you need to explain which defendant did what that caused the loss of your property or otherwise violated your rights.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

<u>CONCLUSION</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, <u>see</u> 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: June 7, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE